SPECTOR, Judge.
This appeal questions the correctness of a summary judgment rendered in favor of defendant-appellee in a negligence action.
Appellants’ claim against the defendant city alleged that the latter carelessly and negligently erected and maintained a tower-like structure for lifeguards on a public ocean beach which it maintained as a recreation area. The tower was located in the tidal area so that the depth of the water under it varied with the tide and action of the waves. The appellant, Kenneth Harris, a twelve-year-old boy was injured when he dove from the tower into the water and struck the bottom with his head. The defendant admitted through its agent that it knew that children played on and dove from the tower and that so used it constituted a dangerous condition.
This being a negligence action, the issues should be resolved by a jury unless there is a complete absence of material questions of fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966). The summary judgment by which the questions posed by the pleadings in this action were decided recites that it was entered on authority of our decision in Switzer v. Dye, 177 So.2d 539. Our review of that case does not convince us that it is necessarily controlling in the present case. In Switzer, supra, the court ruled as a matter of law that the pier from which the child dove into a lake did not present an unusual element of danger as to unauthorized persons using the pier. In the case at bar, however, the defendant’s agent admitted that the towers did pose a danger to children using them to dive from because of the constantly changing depth of the water. This circumstance alone in the case at bar provides a sufficient factual distinction *26 from Switzer to preclude a holding that this case comes within its ambit as a matter of law.
Under the facts presented by the record on appeal, a jury question is posed, and appellee was not entitled to judgment as a matter of law.
Reversed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.